IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL REYNOLDS<br>*Plaintiff* | : | CIVIL ACTION |
| | : | |
| | : | NO. 15-16 |
| v. | : | |
| | : | |
| MUNICIPALITY OF<br>NORRISTOWN et al.,<br>*Defendants* | : | |
| | : | |
| | : | |

**O R D E R**

**AND NOW**, this 23rd day of December 2016, upon consideration of Defendants' *motion to compel non-party Jefferson Hospital to produce all medical records of Plaintiff*, [ECF 67], it is hereby **ORDERED** that Defendants' motion is **GRANTED**.[1]  Thomas Jefferson University

---

[1]  This civil rights action stems from the arrest of Plaintiff Michael Reynolds ("Plaintiff") on January 14, 2013, for allegedly driving under the influence, and injuries he allegedly suffered while in police custody. As part of the discovery process, on November 4, 2015, Defendants filed a motion to compel Plaintiff to execute a medical authorization directed to Thomas Jefferson University Hospital ("Jefferson Hospital") for the release of Plaintiff's medical records. [ECF 24]. On November 5, 2016, this Court granted Defendants' motion to compel, and ordered Plaintiff to execute a medical records release authorization. [ECF 25].

Rather than execute the release himself, Plaintiff produced an authorization signed by Plaintiff's sister, Jennifer Kemp, who has a general power of attorney for Plaintiff. Defendants contend that Ms. Kemp's power of attorney does not cover Plaintiff's medical care or records and, as a result, the authorization signed by Ms. Kemp was not honored by Jefferson Hospital, which has refused to release Plaintiff's medical records to Defendants.

At the December 14, 2016 final pretrial conference, Plaintiff's counsel represented to this Court: (1) that Plaintiff's medical records were provided to Defendants; (2) that the authorization signed by Ms. Kemp is adequate despite Jefferson Hospital's unwillingness to honor it; and (3) Plaintiff's objection to the release of any additional medical records on the basis of confidentiality. [ECF 67 ¶ 2]. This latter argument was rejected when this Court ordered Plaintiff to execute an appropriate authorization.

Federal Rule of Civil Procedure 26 generally allows for very liberal discovery, noting that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1); *see also Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery."). To the extent that Plaintiff's medical records are considered to be privileged, Plaintiff has waived this privilege by making his alleged injuries and need for medical treatment an issue in this case. *See, e.g., Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (Allowing a plaintiff "to hide [] behind a claim of privilege when that

Hospital, Inc. a/k/a Jefferson Hospital is directed to produce, within fifteen (15) days of the date of this Order, any and all medical records, as identified in the authorization executed by Plaintiff's sister, Jennifer Kemp, for Plaintiff Michael Reynolds, medical record #4149688, to Center City Legal Reproduction for release to Defendants' counsel.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice.") (internal quotations omitted). In short, Plaintiff's claims are for injuries allegedly suffered during his arrest and/or subsequent confinement, and for which he received treatment at Jefferson Hospital, making his medical records relevant to his case and, therefore, discoverable by Defendant. *See Furey v. Wolfe*, 2012 WL 877115, at *3 (E.D. Pa. Mar. 15, 2012) (finding that the plaintiff had made his medical records relevant by seeking emotional distress damages, and denied the motion to quash subpoena for the release of those records).

While Plaintiff may argue that he complied with the November 5, 2015 Order, the authorization was not signed by Plaintiff and instead signed by his sister, and not honored by Jefferson Hospital. Since Plaintiff has claimed physical injuries as a result of Defendant's alleged conduct, Defendants are entitled to Plaintiff's medical records. Plaintiff's signed authorization should have been provided. In the absence of the signed authorization, this Court grants Defendants' motion, and directs Jefferson Hospital to release all medical records pertaining to Michael Reynolds to Center City Legal Reproduction for release to Defendants' counsel.